## EDMUND BLOOD, Junior, *versus* NATHANIEL AUSTIN.

A demand by a gaoler, pursuant to *St.* 1821, § 22, [Revised Stat. *c.* 90, § 113, 114,] of security for the board of a person committed on mesne process or execution, need not be made in any precise form; it is sufficient if it is understood by the creditor, &c.

If the debtor represent himself to the gaoler as a pauper and claim support, it is a sufficient " claim of relief as a pauper " under that statute, without any application to overseers of the poor.

DEBT against the defendant as sheriff of this county for an escape of one Ames, who was committed on execution to the gaol in Concord.

The defendant relied on *St.* 1821, *c.* 22, which provides (§ 1) that when any person confined in close prison on mesne process or execution shall claim relief as a pauper, the keeper of the prison shall after twenty-four hours furnish relief at the charge of the creditor; and (§ 2) that when the keeper, at the time of the commitment, shall require of the creditor or his attorney, or of the officer committing, security for the expense of supporting the debtor, in case he shall claim relief as a pauper, unless satisfactory security is given the keeper may discharge the debtor after twenty-four hours from the time of his claiming such relief.

The defendant proved by the officer who committed Ames, that at the time of the commitment inquiry was made by the wife of Moore, the deputy gaoler, as his agent, he being then absent, who would pay for Ames's board; that the officer told her that no provision would be made by the creditor, nor by his attorney, and that he himself had no authority from any one to become responsible.

The defendant also proved that Ames continued in close confinement about thirty hours; that when first imprisoned he told Mrs. Moore he must be supported, as he could not support himself; that at the expiration of the thirty hours he told Moore he wished application might not be made to the overseers of the poor of the town where he belonged, for payment of his board during the thirty hours, as the inhabitants were mean about such things; that he paid Moore all that was due

to him, except a few cents which he afterwards paid, and Moore discharged him.

The trial was had in the Court of Common Pleas before *Strong* J. who was of opinion that a sufficient requirement was made by the gaoler for security for Ames's, support, and sufficient claim for relief as a pauper was made by Ames ; and that consequently the defendant was not liable for an escape. The plaintiff filed his exceptions, alleging 1. that a more particular and definite demand should have been made on the creditor, &c., for security for the prisoner's board, and 2. that the prisoner or gaoler should have made complaint to the overseers of the poor of Concord, pursuant to *St.* 1793, *c.* 59, § 13, in order to make sufficient claim for relief as a pauper, to justify the defendant in discharging the prisoner.

*Butler* supported the exceptions.

*Hoar* for the defendant.

*Per Curiam.* The demand for security was sufficient. It was made in such terms that the officer who committed the debtor could not mistake it ; and his answer that neither the creditor nor his attorney would make any provision or give any security, rendered any other demand unnecessary, he being by the statute an agent whose refusal would bind the creditor.

We think also the claim for support made by the prisoner sufficient. He represented himself as a pauper and claimed support, which is all the law intends. If he were notoriously able to support himself, this might be shown as evidence of collusion between him and the officer, and it would not avail the officer in his defence.[1]

*Judgment affirmed.*

Blood
*v*
Austin

260

*Oct. 14th*

*Oct. 17th*

---

[1] *Richards* v. *Crane,* 7 Pick. 216.